UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| PHARMACY CORPORATION OF AMERICA,<br><br>            Plaintiff,<br><br>v.<br><br>KAVEH ASKARI,<br><br>           Defendant. | CIVIL ACTION NO. |

## **COMPLAINT**

Plaintiff, Pharmacy Corporation of America ("Plaintiff" or "PCA") for its complaint against Kaveh Askari ("Askari") hereby alleges as follows:

## **INTRODUCTION**

1. This is an action seeking money damages flowing from Askari's breach of a Membership Interest Purchase Agreement ("MIPA") pursuant to which PCA bought a majority interest, from Askari and others, in a specialty pharmacy business called OncoMed. Specifically, in clear violation of the provisions that restrict him from competing with PCA after the sale, Askari has been personally involved in two businesses that are directly competing with PCA.

## **PARTIES**

2. PCA is a California corporation and is a wholly-owned subsidiary of PharMerica Corporation, which is in the long term care and specialty pharmacy business.

3. Askari is a pharmacist who lives at 1 Pleasant Run, Great Neck, New York. Upon information and belief, Askari has a management position in Manhasset Park Drug, a pharmacy in Manhasset, New York. Askari is also, according to the website of Alegria Specialty Pharmacy ("Alegria") (www.alegria.com), the president of Alegria.

## JURISDICTION

4. Plaintiff brings its complaint under federal diversity jurisdiction, 28 U.S.C. 1332, as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.

5. Defendant is subject to the jurisdiction of this court as a result of his irrevocable consent to jurisdiction and venue in the State of Delaware, pursuant to Section 13.13 of the MIPA.

## BACKGROUND

6. On or about October 13, 2013, PCA as buyer, and Askari, among others, as sellers, entered into the MIPA. Pursuant to the MIPA, PCA paid ▮▮▮▮▮▮▮▮ for certain ownership interests that Askari and other individuals had in the specialty pharmacy business called OncoMed.

7. 

8. Askari is both a Selling Shareholder and one of the Sellers.

9. Section 7.2(a) of the MIPA ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

10. The "Business" is defined in the MIPA as ████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████

11. According to the Alegria website, Askari "used his vast experience and resources to create Alegria Specialty Pharmacy … before founding Alegria, Mr. Askari retired from OncoMed Pharmaceutical Services, a company he founded in 2002." Alegria and Manhasset Drug share the same address of 190 Plandome Road, Manhasset, New York 11030.

12. The website for Alegria, Askari's competing business, does not include oncology as one of its listed "specialties."

13. Nevertheless, Askari has been selling oncology and oncology side effect medicines through Alegria and/or Manhasset Park Drug to cancer centers including but not limited to North Shore Hematology Oncology Associates.

14. These sales are in direct violation of the MIPA.

15. North Shore Hematology Oncology Associates bills itself as the premier cancer treatment medical group in Long Island, New York.

16. Among the oncology and oncology-related medicines that Askari has been promoting and selling in violation of the Restrictive Covenants in the MIPA are the following:

Oxaliplatin – a medicine for the treatment of colon cancer

Capecitabine – a medicine for the treatment of breast cancer

Aloxi – a medicine to prevent nausea caused by chemotherapy

Emend – a medicine to prevent nausea caused by chemotherapy

17. In accordance with the MIPA, on March 28, 2016, PCA sent Askari a written notice of claim. In that notice of claim, PCA stated that the "facts giving rise to the claim and cease and desist demand are that you are involved in a business that is competing, in violation of Section 7.2(a) and 7.2(b)(ii) of the Purchase Agreement … For example, we are aware that directly or indirectly, you are selling certain medications to North Shore Hematology Oncology in Manhasset, New York."

18. The letter demanded that Askari cease all conduct barred by the Restrictive Covenants in the MIPA, and that he provide invoices and other documents showing payment for medicines sold to or for cancer patients, and including to North Shore Hematology.

19. Askari responded to the letter on April 27, 2016, admitting that he is providing pharmacy services through Manhasset Park Drug and Alegria Specialty Pharmacy.

20. In that letter, Askari asserted that these services do not violate the MIPA because he is providing "retail" pharmacy services from these locations.

21. Further, Askari asserted that he is not providing any cancer treatments.

22. PCA has information from certain of Askari's customers that he is indeed providing cancer treatments.

23. On information and belief, Askari has continued to provide competing services since receiving PCA's notice of claim.

## FIRST CAUSE OF ACTION
(Breach of Contract)

24. PCA repeats and realleges each and every allegation in the preceding paragraph of this Complaint.

25. Askari had a contractual obligation pursuant to Section 7.2(a) of the MIPA not to engage in specified competition with PCA.

8985587/

4

26. Askari has breached and, on information and belief, continues to breach his Section 7.2(a) obligations by selling oncology and oncology side effect medicines through Alegria and/or Manhasset Park Drug to cancer centers.

27. On information and belief, Askari's competitive conduct in violation of Section 7.2(a) of the MIPA has, in effect, stolen patients from PCA.

28. Askari's competition in violation of Section 7.2(a) of the MIPA has damaged PCA by causing it to lose business valued at an amount in excess of $75,000 to be determined at trial.

Respectfully submitted,

Dated: December 5, 2016

*/s/ Brett D. Fallon*
Brett D. Fallon (DE Bar No. 2480)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, Delaware 19899-2306
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
Email: bfallon@morrisjames.com

Of Counsel:

Christopher G. Kelly
Katherine A. Skeele
HOLLAND & KNIGHT LLP
31 West 52nd Street
New York, NY 10019

*Counsel for Pharmacy Corporation of America*

8985587/