IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PHARMACY CORPORATION OF AMERICA/ASKARI CONSOLIDATED LITIGATION | Civil Action No. 16-1123-RGA<br><br>CONSOLIDATED |

## MEMORANDUM OPINION

Jeffrey S. Goddess, COOCH & TAYLOR P.A., Wilmington, DE; Brian C. Dunning, DUNNING RIEVMAN & DAVIES LLP, New York, NY; James Sawyer, Jericho, NY;

    Attorneys for Kaveh Askari, Onco360 Holdings 1, Inc., Onco360 Holdings 2, Inc. and Onco360 Holdings 3, Inc.

Brett D. Fallon, MORRIS JAMES LLP, Wilmington, DE; Christopher G. Kelly, Stosh Silivos, HOLLAND & KNIGHT LLP, New York, NY; Jeremy M. Sternberg, HOLLAND & KNIGHT LLP, Boston, MA;

    Attorneys for Pharmacy Corporation of America, Greg Weishar, Paul Jardina, and David Froesel

April 23, 2020

/s/ Richard G. Andrews
**ANDREWS, U.S. DISTRICT JUDGE:**

Before the Court is a motion for summary judgment filed by Defendants Greg Weishar, Paul Jardina, and David Froesel (collectively, "Individual Defendants"). (D.I. 150). The Court has considered the parties' briefing. (D.I. 151, 160, 164).

## I. BACKGROUND

Two related cases have been consolidated under the above case number. (D.I. 40).[1] The first was filed by Pharmacy Corporation of America (Defendant) against Plaintiff Askari, claiming a breach of a contractual non-compete provision in the Membership Interest Purchase Agreement of October 13, 2013. (D.I. 1). The second was filed by Plaintiffs Kaveh Askari, Onco360 Holdings 1, Inc., Onco360 Holdings 2, Inc., and Onco360 Holdings 3, Inc. (collectively, "Plaintiffs") seeking a declaratory judgment and claiming breach of contract under the Operating Agreement. (No. 17-870, D.I. 1). After consolidation, Plaintiffs filed a Second Amended Complaint. (D.I. 110). Individual Defendants have moved for summary judgment on the claims against them in Plaintiffs' Second Amended Complaint. (D.I. 150).

## II. LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the initial burden of proving the absence of a genuinely disputed material fact relative to the claims in question. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). Material facts are those "that could affect the outcome" of the proceeding, and "a dispute about a material fact is 'genuine' if the evidence is sufficient to permit a reasonable jury

---

[1] All citations to docket items refer to Civil Action No. 16-1123 unless otherwise indicated.

to return a verdict for the nonmoving party." *Lamont v. New Jersey*, 637 F.3d 177, 181 (3d Cir. 2011) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  The burden on the moving party may be discharged by pointing out to the district court that there is an absence of evidence supporting the non-moving party's case.  *Celotex*, 477 U.S. at 323.

The burden then shifts to the non-movant to demonstrate the existence of a genuine issue for trial.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986); *Williams v. Borough of West Chester, Pa.*, 891 F.2d 458, 460–61 (3d Cir. 1989).  A non-moving party asserting that a fact is genuinely disputed must support such an assertion by: "(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials; or (B) showing that the materials cited [by the opposing party] do not establish the absence . . . of a genuine dispute . . . ."  Fed. R. Civ. P. 56(c)(1).

When determining whether a genuine issue of material fact exists, the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor.  *Scott v. Harris*, 550 U.S. 372, 380 (2007); *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007).  A dispute is "genuine" only if the evidence is such that a reasonable jury could return a verdict for the non-moving party.  *Anderson*, 477 U.S. at 247–49.  If the non-moving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to judgment as a matter of law.  *See Celotex Corp.*, 477 U.S. at 322.

**III.   DISCUSSION**

Count V of the Second Amended Complaint is for breach of the Operating Agreement by Individual Defendants.  (D.I. 110 at 26-27).  Count VI alleges that Individual Defendants

breached the implied covenant of good faith and fair dealing under the Operating Agreement. (*Id.* at 28).

Individual Defendants move for summary judgment on three grounds: (1) they are non-parties and non-signatories to the pertinent agreements and are therefore not liable on company contracts; (2) even if they were parties to the Operating Agreement, its "No Liability" clause (§ 8.2) explicitly shields them in all but specific, narrow circumstances that are not present; and (3) the Operating Agreement would fully protect them from any action they take in good faith reliance upon the opinion or advice of counsel, and they did so rely on the advice of counsel. (D.I. 151 at 3). The first ground alone is sufficient for me to grant Individual Defendants' motion for summary judgment.

Individual Defendants assert that it is undisputed that they are non-parties and non-signatories to the Operating Agreement. (D.I. 151 at 8). Plaintiffs do not argue otherwise. (*See* D.I. 160). Individual Defendants argue that, because they are neither parties nor signatories to the Operating Agreement, they cannot be sued for a breach of its covenants, express or implied, or otherwise be bound by it. (D.I. 151 at 8). I agree.

"As a general rule, so far as personal liability on corporate contracts is concerned, officers of corporations are in the same position as agents of private individuals and are not liable on corporate contracts as long as they do not act and purport to bind themselves individually."[2] *Tekstrom, Inc. v. Savla*, 2006 WL 2338050, at *10 (Del. Super. Ct. July 31, 2006) (quoting *Brown v. Colonial Chevrolet Co.*, 249 A.2d 439 (Del. Super. Ct. 1968)); *see also* 6 Del. C. § 18-

---

[2] I quoted this statement of law in my memorandum order (D.I. 86 at 8 n.3) on Defendants' motion to dismiss, citing the same cases as I cite now, and Individual Defendants quoted it in their opening brief in support of their motion for summary judgment (D.I. 151 at 8). Perhaps because there is no possible viable response, Plaintiffs simply ignore this authority in their briefing.

303 (stating that a manager of a limited liability company is generally not personally liable for the "liability of the limited liability company solely by reason of being a member or acting as a manager of the limited liability company"). Individual Defendants assert that they did not bind themselves individually to the Operating Agreement. (D.I. 151 at 8). Plaintiffs do not offer any evidence or argument on the matter. (*See* D.I. 160). They offer no theory as to why Individual Defendants are bound to, or otherwise liable under, the Operating Agreement. (*See id.*). Plaintiffs argue only that Individual Defendants meet the exception under the No Liability clause of the Operating Agreement. (D.I. 160 at 3, 15). That clause, however, does not impose liability on anyone; rather, it generally shields parties from liability that might be imposed otherwise. If, as Plaintiffs argue, Individual Defendants were not entitled to a defense under the No Liability clause, that would still not create liability for them that did not otherwise exist. As Individual Defendants are not liable for breach of the Operating Agreement, it does not matter whether they are excluded from the protections of the No Liability clause.

Individual Defendants are non-parties and non-signatories to the Operating Agreement who did not individually bind themselves to that agreement and therefore are not liable under the Operating Agreement. Individual Defendants have shown that there is no dispute of material fact concerning their alleged liability and that they are therefore entitled to judgment as a matter of law. I thus grant Individual Defendants' motion for summary judgment.

### IV. CONCLUSION

For the foregoing reasons, Individual Defendants' motion for summary judgment (D.I. 150) is GRANTED. An accompanying order will issue.