IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PHARMACY CORPORATION OF AMERICA, | : : : |
| Plaintiff, | : : |
| v. | :   Civil Action No. 16-1123-RGA : Consolidated |
| KAVEH ASKARI, | : : |
| Defendant. | : |

**ORDER SETTING TRIAL**

There are two issues before me now. One, should I keep the trial date? Two, how much time should each side have to present its case?

In early 2017, I set a bench trial for October 9, 2018. (D.I. 23). The case assumed roughly its present shape in September 2018, and I entered a new scheduling order with a trial set for April 20, 2020. (D.I. 94). Plaintiff Askari[1] moved to continue the trial on November 20, 2019. (D.I. 143). The request, if granted, would have resulted in a trial date no earlier than the end of 2020. (*Id.* at 10). Defendants opposed. I denied the motion. (D.I. 148). We had a telephonic pretrial conference on April 3, 2020. (D.I. 183). At that time, a trial on April 20th did not appear to be possible (D.I. 187 at 14-15, 18 (referring to the state of emergency)). The current trial date of July 6, 2020, was set, without objection. (*Id.* at 18-19). The number of hours was left open, as what the parties had requested was, in my opinion, "grossly excessive." (*Id*. at 19).

---

[1] There are actually multiple Plaintiffs, and because of consolidation, Askari is both Plaintiff and Defendant. I will refer to his side as Askari, and the other side as PCA.

On May 27, the parties submitted a letter showing that they disagreed about proceeding to trial on July 6th. Askari had good reasons as to why an in-person trial was not viable. (D.I. 201). Askari requested a reset of the trial to September. (The problem with bumping trials is (1) conditions might or might not be better in September than they will be in July, and (2) I already have at least one trial scheduled each week in September, and, additionally, I have a two-week criminal trial that has been bumped and will take priority wherever it lands.).

I had a teleconference with the parties on June 5. I suggested a virtual trial. I did not think it was fair for one side to have lawyers in the courtroom while the other side did not. A virtual trial (by which I mean all lawyers and witnesses will be somewhere else other than the courtroom) eliminates that unfairness. There is more than sufficient time to address and ameliorate any practical difficulties. There are a limited number of witnesses, and we will not be trailblazers in having a video trial. I do not think a virtual trial is unfair to Askari.

At the teleconference, we did not talk about my authority to have a virtual trial, but no one objected on the basis that I could not do it. Askari later acknowledged "that the Court has the authority, over Plaintiffs' objection to order the trial to proceed virtually." (D.I. 207). Defendant PCA reminded me of the Court's order of May 27, 2020, addressing the coronavirus pandemic, which encouraged the judges of the court "to conduct proceedings . . . by . . . videoconferencing where practicable and as permitted by law, and to take reasonable measures to avoid the necessity of out-of-town travel of any litigant, witness, counsel or the public." (D.I. 209). I note that lead counsel and, as far as I know, all witnesses are from out-of-state. Given the starting point that I have the authority to do this, and given the increasing backlog of jury trials created by the nearly three months and counting of the state of emergency, I think a virtual

trial is fairly necessary to the administration of justice, and I do not think it will prejudice either side.  Therefore, I ORDER a virtual trial to start July 6, 2020 at **9:00 a.m**.

In terms of the length of the trial, I remain convinced that Askari's idea of the trial as set forth in his letter of April 15th (D.I. 189) is larded with redundancy and nearly four hours of deposition designations (Rose, Thomson, Jardina, and Weishar), all but fifteen minutes of which are from witnesses who PCA will be presenting live.  I also note that PCA estimates it can present its direct evidence in 4 ½ hours.  (D.I. 190).  I believe if Askari tried, he could do so too.  Thus, I remain convinced that an allotment of seven hours per side would be sufficient if we were doing this live.  I will, however, in recognition that we are not doing this live, modify the schedule.  I think it is reasonable to assume that even with the lawyers having practiced the technology with the witnesses and my staff before trial, the examination of witnesses will be a little slower than if it were done in person.  Further, I expect a technological trial will be more difficult for the lawyers and me, and a shorter trial day is therefore appropriate.  Thus, instead of the normal seven hours a day of trial, we will only do six (that is, four 1 ½ hour chunks of time).  And, instead of capping each side at seven hours, I will cap each at nine hours.  Thus, I expect we will take three days to try the case. (Of course, if there are major technological issues beyond the control of the parties, that's another matter.).

I will enter additional orders as necessary, and the parties should start talking to each other and my staff about the technological issues.  I expect we will have a final pretrial conference some time the week before trial to make sure everything is squared away for trial.

IT IS SO ORDERED this 9 day of June 2020.

/s/ Richard G. Andrews
United States District Judge