IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PHARMACY CORPORATION OF AMERICA/ASKARI CONSOLIDATED LITIGATION | Civil Action No. 16-1123-RGA<br><br>CONSOLIDATED |

MEMORANDUM ORDER

Plaintiffs filed a motion for reargument on Defendant's motion *in limine* (D.I. 184-18) pursuant to Local Rule 7.15.  (D.I. 197).  The Court has considered the parties' briefing.  (D.I. 198, 199).

Local Rule 7.15 states that "[m]otions for reargument shall be sparingly granted."  The decision to grant a motion for reargument lies squarely within the discretion of the district court. *See Dentsply Int'l, Inc. v. Kerr Mfg. Co.*, 42 F. Supp. 2d 385, 419 (D. Del. 1999); *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1241 (D. Del. 1990).  Motions for reargument are granted only if the court has patently misunderstood a party, made a decision outside the adversarial issues presented by the parties, or made an error not of reasoning but of apprehension.  *See Schering Corp. v. Amgen*, Inc., 25 F. Supp. 2d 293, 295 (D. Del. 1998).  To succeed on a motion for reargument, the movant must show at least one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice.  *See Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).  A motion that simply "rehashes materials and theories already briefed, argued, and decided" should be denied.  *Schering*, 25 F. Supp. 2d at 295.

1

Plaintiffs seek reargument following my Memorandum Order (D.I. 196) which resolved Defendant's motion *in limine* (D.I. 184-18).  (D.I. 198 at 1).  In that Order, I excluded from the Final Pretrial Order as irrelevant facts that Plaintiffs had included in the Proposed Pretrial Order as issues to be litigated (D.I. 184 at ¶¶ 59-64, 73-78).[1]  (D.I. 196 at 4).  The excluded facts consisted of various allegations relating to adjustments to EBITDA based on events in 2013 and 2014, inclusion of non-operating expenses, other EBITDA errors, issues about an Intercompany Receivable, issues about related-party transactions, Board of Managers' meetings without notice, and an abandoned Business Plan.  (*Id.*).  By excluding these facts, Plaintiffs contend that I erred as a matter of law and fact and that reargument "is critical here to 'correct'" those errors.  (D.I. 198 at 1-2).

Plaintiffs argue that the excluded facts "support and are entirely consistent with the claims for breach of contract set forth in the Second Amended Complaint," and that the facts should not have been excluded as a matter of law.  (*Id.* at 4).  For example, regarding the First Call, Plaintiffs argue that "additional facts showing how PCA did not follow the buy-out formula, such as adding a $1.9 million non-operating loss that occurred prior to the applicable period for calculating EBIDTA" should not be excluded.  (*Id.*).  However, the Second Amended Complaint does not allege that PCA breached the Operating Agreement because it "did not follow the buy-out formula."  The Second Amended Complaint clearly alleges that PCA breached the Operating Agreement because: (1) the purchase price was incorrectly calculated because of a "Net Debt" input that exceeded the $16,500,000 limit (effectively) set by the Operating Agreement; and (2) the purchase price was incorrectly calculated because EBITDA

---

[1] Plaintiffs make no specific argument about ¶59, but, upon review, I should not have excluded that paragraph, and I hereby revise that part of my earlier ruling not to exclude that paragraph.

did not include "revenues derived from shared services." (*See* D.I. 110 at 20-23). Plaintiffs

admit this. (D.I. 198 at 3-4). Whether there are other reasons that PCA breached the Operating

Agreement in exercising the First Call is irrelevant when Plaintiffs' claim specifically articulates

the two reasons at issue.

Plaintiffs also assert that the excluded facts at ¶¶ 73-78 of the Proposed Pretrial Order,

regarding the increase of the Working Capital Loan, are specifically identified in the Second

Amended Complaint, and thus excluding them is error as a matter of fact. (*Id.* at 5). Plaintiffs

identified paragraphs of the Second Amended Complaint that somewhat allude to the excluded

facts, but did not show how the excluded facts are relevant to the disputed issues of the

complaint. (*See id.*). The two contract issues identified by the complaint are: (1) whether the

increases in the Working Capital Loans were "Major Decisions" within the meaning of the

operating agreement; and (2) whether "revenues derived from shared services" were incorrectly

calculated. The excluded facts are not relevant to answer these questions and are properly

excluded from the Final Pretrial Order to "narrow[] the issues for trial." *Phoenix Canada Oil

Co. v. Texaco, Inc.*, 842 F.2d 1466, 1476 (3d Cir. 1988).

As stated in my Memorandum Order, after review of the Second Amended Complaint

and the Proposed Pretrial Order, the facts identified at ¶¶ 60-64, 73-78 of the Proposed Pretrial

Order are not relevant to the actual claims for relief as framed by the complaint. (*See* D.I. 196 at

4). Plaintiffs have not shown that I clearly erred as a matter of law or fact in excluding them

from the Final Pretrial Order.

Plaintiffs cite to several cases which suggest that factual and legal allegations in a final

pretrial order supersede the complaint and thus may be properly asserted at trial even if not in an

underlying complaint. (D.I. 198 at 5-6). While a final pretrial order may supersede the

complaint, this does not mean that any allegation unilaterally added in a proposed pretrial order will automatically be heard at trial.  The facts that Plaintiffs seek to assert at trial were in the Proposed Pretrial Order, but I excluded them from the Final Pretrial Order.[2]  Thus the cases cited by Plaintiffs are not applicable.

Finally, as an alternative, Plaintiffs request leave to amend their pleadings pursuant to Federal Rule of Civil Procedure 15(b) to include the excluded facts in support of their claims. (D.I. 198 at 6).  Plaintiffs, however, have not properly done so under Local Rule 15.1.  Plaintiffs have not submitted (a) the proposed pleading as amended or (b) a form of the amended pleading which indicates the changes made.  This alone is reason to deny Plaintiffs' request.  The Third Circuit has held that "a failure to submit a draft amended complaint is fatal to a request for leave to amend."  *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007).

Plaintiffs also do not meet the standard for amending a complaint under Federal Rule of Civil Procedure 15.  The Rule provides that "[t]he court should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).  "[P]rejudice to the non-moving party is the touchstone for the denial of an amendment."  *Mullin v. Balicki*, 875 F.3d 140, 150 (3d Cir. 2017).

---

[2] In the Final Pretrial Order, I adopted the Proposed Pretrial Order "as modified by any discussion at the pretrial conference."  (D.I. 185 at 1).  That discussion included "more or less grant[ing]" Defendant's motion *in limine* (the one for which Plaintiffs would like reargument), and stating that I would issue a more precise written order.  (D.I. 187 at 6:17-7:23).  That order is the Memorandum Order (D.I. 196) about which Plaintiffs now argue I have erred.  The facts excluded by the Memorandum Order are therefore not part of the Final Pretrial Order.

Without the proposed amendments as required under Local Rule 15, it is not clear what any additional or amended claims would be, but Defendant argues that it would likely need to "conduct additional discovery, undertake further investigation and research, expand the scope of its expert's assignment/report (or hire an additional expert), and transform its trial strategy to defend itself." (D.I. 199 at 9). Trial is scheduled to begin in about one month. Allowing Plaintiffs to amend the pleadings in a way that would require Defendant to engage in this additional preparation for a fast-approaching trial date would be prejudicial, and tbere is no good justification for imposing the prejudice.

Federal Rule of Civil Procedure 16(b) also applies when a party moves to amend after the date set by the scheduling order, as is the case here.[3] *E. Minerals & Chemicals Co. v. Mahan*, 225 F.3d 330, 340 (3d Cir. 2000). Rule 16(b)(4) provides, "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Good cause is present when the schedule cannot be met despite the moving party's diligence." *Media Pharm.*, 2016 WL 6693113, at * 1. "In contrast to Rule 15(a), the good cause standard under Rule 16(b) hinges on diligence of the movant, and not on prejudice to the non-moving party." *S. Track & Pump, Inc. v. Terex Corp.*, 722 F. Supp. 2d 509, 521 (D. Del. 2010).

Plaintiffs have not met the good cause standard pursuant to Rule 16(b). Plaintiffs have had plenty of opportunity to amend the pleadings, and have taken advantage of the opportunities. See footnote 2. But in connection with the Proposed Pretrial Order, the Plaintiffs specifically decided not to attempt to amend the pleadings.. In replying to Defendant's motion *in limine*,

---

[3] The deadline to move to amend the pleadings was February 15, 2019. (D.I. 94 at 1). Plaintiffs met that deadline with the filing of their third complaint in this case. (See No. 17-870, D.I. 1 (Complaint filed June 30, 2017)); No. 16-1123, D.I. 53 (Amended Complaint filed September 20, 2017); D.I. 110 (Second Amended Complaint, filed at the deadline).

Plaintiffs stated that they "do not assert any new claims, or otherwise attempt to amend the pleadings." (D.I. 184-18 at 44 of 47). Plaintiffs do not now argue that, despite their diligence, they were incapable of pursuing an amended complaint between the close of discovery and the filing of the instant motion. (*See* D.I. 198 at 6-7). Plaintiffs have not shown good cause.

Amendment of the pleadings is therefore not permitted under each of Federal Rules 15 and 16 and Local Rule 15.

For the foregoing reasons, Plaintiffs' motion for reargument (D.I. 197) and request to amend the pleadings are **DENIED**.

Entered this 9th day of June, 2020.

        __/s/ Richard G. Andrews_____
        United States District Judge