IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PHARMACY CORPORATION OF AMERICA/ASKARI CONSOLIDATED LITIGATION, | Civil Action No. 16-1123-RGA<br><br>CONSOLIDATED |

## MEMORANDUM OPINION

Jeffrey S. Cianciulli, WEIR & PARTNERS LLP, Wilmington, DE; Walter Weir, Jr., Steven E. Angstreich, Amy R. Brandt, Andrew Park, WEIR & PARTNERS, Philadelphia, PA; James Sawyer, LAW OFFICE OF JAMES SAWYER, Jericho, NY,

Attorneys for Kaveh Askari, Onco360 Holdings 1, Inc., Onco360 Holdings 2, Inc., and Onco360 Holdings 3, Inc.

Brett D. Fallon, FAEGRE DRINKER BIDDLE & REATH LLP, Wilmington, DE; Christopher G. Kelly, Stosh M. Silivos, HOLLAND & KNIGHT LLP, New York, NY; Jeremy M. Sternberg, HOLLAND & KNIGHT, Boston, MA,

Attorneys for Pharmacy Corporation of America.

September 3, 2021

*[signature]*
ANDREWS, U.S. DISTRICT JUDGE:

Before the Court is Plaintiffs' "Motion to Amend Judgment and/or for New Trial Pursuant to F.R.C.P 52 and 59." (D.I. 230). I have reviewed the parties' briefing. (D.I. 231, 232, 233).

## I. BACKGROUND

This case is the consolidation of two related lawsuits. In one, Plaintiffs Kaveh Askari, Onco360 Holdings 1, Inc., Onco360 Holdings 2, Inc., and Onco360 Holdings 3, Inc., brought suit against Defendant Pharmacy Corporation of America. In the other, Pharmacy Corporation of America brought suit against Askari individually. The Court conducted a remote bench trial on July 6 to 8, 2020. (D.I. 218, 219, 220). Following post-trial briefing, on September 8, 2020, I issued a Trial Opinion. (D.I. 224). The Final Judgments issued on September 16, 2020. (D.I. 228, 229). Plaintiffs now move to amend Paragraph 1 of one of the Final Judgments (D.I. 229) and/or for a new trial. (D.I. 231 at 1).

## II. PLAINTIFFS' BRIEFING IS STRUCK

Plaintiffs filed a brief in support of their motion (D.I. 231) that clearly violates the Local Rules. It is twenty pages long. It has no Statement of Facts. It literally has a caption with that heading (*id.* at 1), but what follows is the statement that in the interest of "brevity," Plaintiffs "rely upon" the Pretrial Order, the trial transcript and exhibits and its two post-trial briefs. (*Id.*). That is in excess of 70 pages for the pretrial order and briefs, 635 pages for the trial transcript, and more pages than I care to count for the exhibits. The rules do not permit this. The brief is to contain a "concise statement of facts, with supporting references to the record, presenting the background to the questions at issue." D.Del. LR 7.1.3 (c)(1)(E).

2

There are reasons for that rule. First, it forces counsel to develop a coherent statement of relevant facts. Second, it provides the Court with the source material necessary to consider the arguments a party raises. The way Plaintiffs have presented their arguments does neither.

Thus, Plaintiffs not only violate the cited rule, but by purporting to rely upon 705 pages plus the exhibits, Plaintiffs also violate the rule restricting the brief to twenty pages. *See* D.Del. LR 7.1.3(a)(4) ("Length").

For the violations of the rules, Plaintiffs' briefing is struck. Since there is no briefing, the motions are denied. In the interests of justice, I will nevertheless consider the multiple arguments Plaintiffs make.

### III.  MOTION TO AMEND FINDINGS PURSUANT TO RULE 52(b)

Plaintiffs move for the Court to amend its findings under Rule 52(b) to "properly reflect the testimony regarding Net Debt at the time of the Second Call." (D.I. 231 at 2-3). Plaintiffs seek to have the Court amend its findings and "raise the Second Call purchase calculation [from $18,854,499][1] to $20,976,894." (*Id.* at 2-3).

Defendant counters that the issues Plaintiffs raise are not "basic or essential" to the litigation as such issues are not related to a claim asserted in the complaint. (D.I. 232 at 1). Defendant argues that the "court appropriately determined that Plaintiffs proved neither a breach at the First Call...nor any failure to include shared services revenue in the EBITDA calculation." (*Id.* at 2). These determinations, Defendant asserts, "properly disposed of Plaintiffs' Second Call claims, and thus the Loan balance at the time of the Second Call is not an issue that is 'basic or essential' to the litigation." (*Id.*).

Under the Federal Rules of Civil Procedure, upon a timely motion, "the court may amend its findings – or make additional findings – and may amend the judgment

---

[1] (*See* D.I. 224 at 6 [noting the purchase price calculation for the Second Call was $18,854,499]). Since Plaintiffs did not prove that $18,854,499 was the wrong amount, the judgment awarded Plaintiffs nothing.

3

accordingly." Fed. R. Civ. P. 52(b). "The purpose of a Rule 52(b) motion is to 'correct manifest errors of law or fact. . . .'" *Alcon Research Ltd. v. Barr Labs. Inc.*, 2012 WL 928189, at *1 (D. Del. 2012), *aff'd*, 745 F.3d 1180 (3d Cir. 2014) (citing *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 762 F. Supp. 2d 710, 717 (D. Del. 2011)). A Rule 52(b) motion to amend is permitted "only when the issues are 'basic or essential' to the litigation." *Id.* (citation omitted). "Importantly, Rule 52(b) does not permit a party to get a 'second bite at the apple,' e.g., by relitigating old issues." *Alcon Research*, 2012 WL 928189, at *1 (emphasis omitted). "'The scope of a motion for reconsideration. . . is extremely limited." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011).

Here, Plaintiffs have not identified a "manifest error of law or fact" that merits correction. Plaintiffs argue, instead, that the Second Call purchase price was incorrectly calculated because no debt should have been subtracted, and the judgment should be reflected to amend that. However, this is not a manifest error of law or fact, because this was not an issue at trial.

In the Trial Opinion, the Court identified the remaining allegations pertaining to the Second Call: "(1) the First Call breach means that the First Call is null and void, and therefore the Second Call is also null and void,. . . or, in the alternative, (2) the First Call breach means that Defendant had to purchase 62.5% of the membership interests at Second Call." (D.I. 224 at 8).[2] The Court identified that these Counts "also claim that the purchase price was incorrectly calculated because 'revenues derived from shared services' were not included in the EBITDA calculation." (*Id.* at 8-9). Whether the Second Call purchase price was incorrectly calculated because of debt being improperly

---

[2] Plaintiffs essentially concede that they did not raise this issue in the operative complaint. (D.I. 233 at 1-2). Plaintiffs imply that it was "first learned at trial." (*Id.* at 2). But the trial was not about accounting issues that were not raised before trial. And, I note, I am certainly unpersuaded that there was any plain error.

4

subtracted was not raised as an issue for trial. Therefore, it is not a "manifest error" and is not an issue that is "basic and essential" to this litigation that meets the standard for amending the judgment under Rule 52(b).

Thus, Plaintiffs' motion to amend the judgment under Rule 52(b) is denied.

### IV.   MOTION TO AMEND FINDINGS PURSUANT TO RULE 59(e)

Plaintiffs argue for the Court to amend its judgment under Rule 59(e) to correct its errors: (1) "in failing to find that the [Working Capital Loan or "WCL"] was fixed at $10 [million] and that any increase in the WCL was a Major Decision;" (2) "in failing to conclude that the increase in the WCL was an unauthorized Related Party Transaction under §5.8(c);" (3) "in ignoring that the First Call Option required strict compliance;" (4) "in not excluding Mortimer's testimony for lack of foundation and relevance instead relying upon his conclusions;" and (5) "in determining that Plaintiffs did not plead a cause of action for breach of the implied covenant of good faith and fair dealing." (D.I. 231 at 4-15). Defendant asserts that Plaintiffs did not show clear error under Rule 59(e) and that Plaintiffs are "recycling familiar arguments to reargue essentially every issue the Court has addressed." (D.I. 232 at 3-4).

Federal Rule of Civil Procedure 59(e) provides that a party may make a motion to alter or amend a judgment within 28 days after the entry of judgment. Fed. R. Civ. P. 59(e). To succeed on a motion to alter or amend a judgment, the moving party must show "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). The purpose of such a motion is to "correct manifest errors of law or fact." *Id.* A motion to alter or amend a judgment "that advances the same arguments already thought through and

5

rejected by the court – rightly or wrongly – should be denied." *Lopez Garza v. Citigroup Inc.*, 2016 WL 7297364, at *1 (D. Del. Dec. 9, 2016) (citing *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010)). "[T]he standard for obtaining relief under Rule 59(e) is a difficult one to meet." *Siemens Medical. Sols. USA, Inc. v. Saint Gobain Ceramics & Plastics, Inc.*, 2009 WL 4891774, at *2 (D. Del. Dec. 16, 2009).

Plaintiffs have not met that demanding standard. Plaintiffs contend that numerous errors in the Court's opinion merit correction. Despite the litany of errors Plaintiffs raise, Plaintiffs do not identify a "clear error of law or fact" that merits correction. The fact that the Court failed to find certain facts or failed to make certain conclusions does not amount to "clear error." Instead, Plaintiffs use this briefing to reargue its trial evidence, while claiming that the Court erred in its findings and conclusions, seemingly because Plaintiffs simply disagree with the Court's consideration of the evidence and evidentiary decisions. That is not the purpose of a motion to alter or amend the judgment under Rule 59(e). *See Lopez Garza*, 2016 WL 7297364, at *1.

Contrary to Plaintiffs' contentions, the Court fully considered and evaluated Plaintiffs' evidence. For instance, Plaintiffs argue that the Court should amend the judgment as it erred in failing to find that the Working Capital Loan was fixed at $10 million and that any increase in the loan was a Major Decision. (D.I. 231 at 4-8). However, the Court evaluated the evidence, determined that Plaintiffs had not met their burden of establishing that the relevant contract provision was ambiguous, and concluded that increases in the Working Capital Loan were not Major Decisions. (D.I. 224 at 9-14).

As another example, Plaintiffs argue that the judgment should be amended to correct the Court's error in not excluding Dr. Mortimer's testimony. Before trial, I

6

dismissed Plaintiffs' motion in limine pertaining to Dr. Mortimer's testimony "without prejudice to plaintiffs making whatever objections at trial they want to make to the relevance of this particular testimony." (D.I. 187 at 5). At trial, Dr. Mortimer's direct testimony spanned 41 pages of transcript. (D.I. 220 at 557-598). I sustained the first defense objection. (*Id.* at 565). I overruled a defense objection based on lack of "relevance" of a demonstrative exhibit. (*Id.* at 570). I overruled a defense objection to another exhibit as being "hypothetical." (*Id.* at 582). I overruled a defense objection to a third exhibit as being "hypothetical." (*Id.* at 590). I overruled a defense objection to a fourth exhibit based on lack of foundation. (*Id.* at 596).[3] Those were the only objections made at trial, and none of them are cited in Plaintiffs' briefing. (D.I. 231 at 11-13). Plaintiffs then had the opportunity to cross-examine Dr. Mortimer, which they did. (*Id.* at 599-622). The cross-examination was vigorous, but it did not shake my confidence in Dr. Mortimer's credibility, including that his opinions relating to Plaintiffs' case were well-supported. There is no clear error in the evidentiary rulings that were made, and nothing else was objected to at the trial.

Plaintiffs also argue that the Court erred in concluding that there had not been a breach of the implied covenant of good faith and fair dealing and that the Court should amend the Final Judgment to reflect that. (D.I. 231 at 13). The Court considered and decided this issue in the Trial Opinion. (D.I. 224 at 16-18). The Court noted that even if Plaintiffs had properly alleged a specific implied covenant,[4] they had not met their burden in showing that Defendant breached it. (*Id.* at 17). Based on the testimony at

---

[3] The fourth exhibit was in support Defendant's affirmative case (which Defendant lost) and is irrelevant to the issues raised by the present motion.

[4] There could be some inconsistency between the Trial Opinion (D.I. 224 at 16) and an earlier opinion (D.I. 86 at 9-10) where I permitted the claim of the breach of the covenant of good faith and fair dealing to stand on the basis that the implied covenant was that Defendant would not drive down the purchase price by raising the Working Capital Loan. In any event, I also decided the issue on the basis that there was such a claim. (D.I. 224 at 16-18).

trial, the Court concluded that "the record reflects that Defendant did not act in bad faith when increasing the Working Capital Loan." (*Id.*)

Finding facts and reaching conclusions that are not in Plaintiffs' favor are not "clear error[s]" nor "manifest injustice[s]." Fed. R. Civ. P. 59(e). As demonstrated in the Trial Opinion and in the record, the Court fully evaluated the evidence and made findings and conclusions based on that evidence. Plaintiffs now seek to rehash the decisions made before trial, at trial, and in the Trial Opinion without identifying a clear error of law or fact that would permit amendment of the judgment.

Plaintiffs' motion to alter or amend the judgment under Rule 59(e) is denied.

## V. MOTION FOR NEW TRIAL

Plaintiffs argue for a new trial on two grounds, to correct errors in the Court's (1) decisions on the motions in limine; and (2) determinations of credibility of the witnesses and the impact of the witnesses' testimony. (D.I. 231 at 15-20). Defendant contends that Plaintiffs have not shown the requisite manifest errors to meet their burden under Rule 59(a). (D.I. 232 at 12).

Rule 59(a) provides that the Court may grant a new trial "after a nonjury trial for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court." Fed. R. Civ. P. 59(a). In a nonjury case, a motion for a new trial "should be based upon manifest error of law or mistake of fact, and a judgment should not be set aside except for substantial reasons." 11 Wright & Miller's Federal Practice & Procedure (3d ed.) § 2804, at 68. The determination of whether to grant a new trial is within the sound discretion of the trial court. *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 36 (1980).

Plaintiffs have not identified a "manifest error" that merits a new trial. Instead, Plaintiffs argue that the Court "improperly excluded" evidence that was essential to

8

their case and "erred" in finding certain testimony credible. (D.I. 231 at 18, 20). Notably, Plaintiffs have not cited any case law showing that decisions on motions in limine or on witness credibility are "reason[s] for which a rehearing has heretofore been granted in a suit in equity in federal court." *See* Fed. R. Civ. P. 59(a). But even if they are, such decisions are well within the role of the trial court, and I do not think there was any error, let alone "manifest error."

Under Third Circuit precedent, "[d]iscretionary rulings regarding the admissibility of evidence are still best left to the province of the trial judge." *Yohn v. Love*, 76 F.3d 508, 525 (3d Cir. 1996). Similarly, "[t]he credibility of witnesses is quintessentially the province of the trial court." *Dardovitch v. Haltzman*, 190 F.3d 125, 140 (3d Cir. 1999). I made discretionary decisions regarding the admissibility of evidence and gave credence to witness testimony where I thought such credence was merited. There is no manifest error in my conclusions that a witness was "a very credible and convincing witness" (D.I. 224 at 15), nor is there manifest error in believing one witness over another. Such decisions are well within my role as the fact finder.

Plaintiffs' request for a new trial is denied.

## VI.   CONCLUSION

Plaintiffs' motion to amend the judgment under Federal Rules of Civil Procedure 52 and 59 (D.I. 230) is denied. Plaintiffs' motion for a new trial under Rule 59 (D.I. 230) is denied.

A separate order will be entered.